IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDWARD PRINCE CHILDS,            )
                                 )
        Petitioner,              )
v.                               )   Civil No. 3:22-cv-540–HEH
                                 )
COMMONWEALTH OF VIRGINIA,        )
                                 )
        Respondent.              )

MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2254 Petition Without Prejudice)

Edward Prince Childs, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction for child abuse in the Circuit Court for Caroline County, Virginia ("Circuit Court"). (*Id.* at 1.)[1] The § 2254 Petition indicates that Childs has not exhausted his remedies in the Virginia Courts. (*Id.* at 2–15.) Accordingly, by Memorandum Order entered on October 5, 2022, the Court directed Childs to show cause why his § 2254 Petition should not be dismissed for lack of exhaustion. (ECF No. 4.) Childs filed a response. (ECF No. 5.) As explained below, the § 2254 Petition will be dismissed without prejudice because Childs has failed to exhaust his state court remedies.

I.   EXHAUSTION ANALYSIS

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State."

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects for spelling, capitalization, and punctuation in quotes to Child's submissions.

28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in an appropriate collateral proceeding. The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

Childs does not argue that all available state court remedies have been properly exhausted in accordance with Virginia's chosen procedural scheme. (*See* ECF No. 5 at 1 (conceding that he has "not exhaust[ed] all [his] remedies").) However, Childs states that he has filed two petitions of "Actual Innocence" in the Virginia courts and expresses his frustration that the Virginia courts have declined to appoint counsel for him in connection with those petitions. (*Id.*) Childs goes on to state in a conclusory fashion that he "want[s] a higher court and [a] higher judge[] to oversee [his] case because [he] [has] actual factual evidence on court documented documents" of his innocence. (*Id.* at 1–2.)

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01–654(A)(1) (2014). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07cv746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008)

2

(second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587.

Childs fails to demonstrate that he presented his claims to the Supreme Court of Virginia either by a *direct appeal*, or by a *petition for a writ of habeas corpus filed in the Supreme Court of Virginia*. He also fails to show that he has *appealed the denial of a petition for a writ of habeas corpus by the Circuit Court*, much less that he has received a ruling from the Supreme Court of Virginia on each of his claims. Childs' vague allegations that he filed petitions of "Actual Innocence" in the Virginia courts is insufficient to establish that he presented his current claims to the Supreme Court of Virginia in the appropriate manner. *Prasad v. Virginia*, No. 3:21cv554, 2022 WL 67326, at *1 (E.D. Va. Jan 6, 2022) (concluding that petitioner's allegation that she filed, *inter alia*, "writs of actual innocence" in the Virginia courts was insufficient to carry her burden of proving proper exhaustion). Thus, Childs has failed to demonstrate that he exhausted his claims in accordance with Virginia's "chosen procedural scheme." *Mallory*, 27 F.3d at 994–95.

Accordingly, the § 2254 Petition will be dismissed without prejudice because Childs has failed to demonstrate that he has exhausted all available state remedies in accordance with Virginia's procedural scheme. Childs may file a § 2254 petition in this Court after he has properly exhausted all available remedies in state court.

## II. CONCLUSION

For the foregoing reasons, the § 2254 Petition (ECF No. 1) will be denied without prejudice. Childs' Motion to Subpoena Exculpatory Evidence and for an Evidentiary

3

Hearing (ECF No. 6) will be denied. The action will be dismissed. A certificate of appealability will be denied.[2]

An appropriate Final Order will accompany this Memorandum Opinion.

                                                     /s/
                            Henry E. Hudson

Date: Nov. 7, 2022        Senior United States District Judge
Richmond, Virginia

---

[2] An appeal may not be taken from an order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893–94 (1983)). Childs fails to meet this standard.